■ MAE SINGLETARY, Appellant, v ALL METRO AIDS, INC., et al., Respondents. [668 NYS2d 367] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), entered January 22, 1996, which denied petitioner's application to annul respondent Division's determination of no probable cause to believe that respondent employer had discriminated against petitioner, and dismissed the petition, unanimously affirmed, without costs.

The record does not demonstrate that the Division's investigation was abbreviated or one-sided, and does demonstrate a rational basis for the determination of no probable cause (*see, Matter of Bal v New York State Div. of Human Rights*, 202 AD2d 236, *lv denied* 84 NY2d 805). The court correctly declined to review petitioner's defamation claim on the ground that it was not raised before the Division and was thus beyond the scope of CPLR article 78 review (*see, Matter of Jochnowitz v Junior Coll.*, 96 AD2d 1131, *lv denied* 60 NY2d 559). In any event, petitioner's defamation claim is both untimely, since it accrued more than one year before the instant article 78 proceeding was brought, and without merit, since the comments of which petitioner complains were privileged, having been made before the New York State Unemployment Board (*see, Noble v Creative Tech. Servs.*, 126 AD2d 611, 613). We also agree with the court that petitioner was not entitled to a name-clearing hearing since she failed to allege public dissemination of the reasons for her termination (*see, Matter of Thomas v New York Temporary State Commn. on Regulation of Lobbying*, 56 NY2d 656). We have considered petitioner's other arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Mazzarelli and Andrias, JJ.