■ AMERICAN FEDERAL GROUP, LTD., et al., Appellants-Respondents, v LESTER EDELMAN, Respondent-Appellant, and LAWRENCE GREENFIELD et al., Respondents. [722 NYS2d 870] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered January 14, 2000, which partially granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.

The fifth and sixth causes of action for tortious interference with contract and tortious inducement of breach of fiduciary duty accrued no later than February 1993, i.e., upon termination of defendant Edelman's employment contract with plaintiffs and his acquisition of their business, by which time all of the damages that plaintiffs claim as a result of the interference had been sustained. Accordingly, such causes of action are barred by the admittedly applicable three-year Statute of Limitations (CPLR 214 [4]). Moreover, since a cause of action for tortious interference with contract generally accrues when an injury is sustained, not discovered (see, Kronos, Inc. v AVX Corp., 81 NY2d 90, 94), it does not avail plaintiffs to argue that they could not have discovered the business that Edelman diverted until the arbitration they brought to enforce the acquisition agreement was well underway. In any event, plaintiffs' allegations in this regard are conclusory. The fourth cause of action alleging that Edelman filed a false complaint with the State Department of Insurance was properly dismissed since, assuming such complaint was not privileged (but see, Singletary v All Metro Aids, 247 AD2d 252, lv denied 92 NY2d 804), a one-year Statute of Limitations would apply if the claim is for defamation (CPLR 215 [3]; see, id.), and there are no allegations of special damages if the claim is for prima facie tort (see, Curiano v Suozzi, 63 NY2d 113, 117). With respect to the first, second and third causes of action against Edelman for breach of employment contract, fraud and breach of fiduciary duty, the motion court properly rejected Edelman's argument that his liability therefor was waived in the parties' letter agreement of October 26, 1992 and in the May 18, 1998 stipulation in the arbitration proceeding, and otherwise properly sustained these causes of action. We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Williams, J. P., Ellerin, Wallach, Lerner and Rubin, JJ.