OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, motion for summary judgment in favor of defendants granted and complaint dismissed.
Plaintiff, a former employee of defendant Interfaith Medical Center, instituted the action against his employer and direct supervisor for wrongful discharge. In his complaint, plaintiff averred five causes of action as follows: (1) alleged illegal termination without cause; (2) breach of contract by failing to give the requisite seven months’ notice of nonrenewal; (3) breach of due process guaranteed under the contract as a result of defendants’ failure to afford plaintiff rights under article xv of the collective bargaining agreement; (4) defendants’ alleged attempt to extort plaintiff’s waiver of a contract right by threatening to withhold credits if plaintiff asserted his right under the contract; and (5) that as a result of his wrongful termination plaintiff has not been able to obtain another fellowship in cardiology.
Plaintiff, at the time of his employment, was a member of the Committee of Interns and Residents, a union. The collective bargaining agreement set forth a grievance procedure for alleged breaches of the individual employment agreements between Interfaith and the residents, or interns, as well as non-renewal of the individual employment agreements. In instances such as the case at bar, where an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed, through the union, in accordance with the contract (see, Matter of Board of Educ. v Ambach, 70 NY2d 501, cert denied sub nom. Margolin v Board of Educ., 485 US 1034). The employee may only sue the employer directly if the agreement *374 grants the employee the right, or if the union fails to fulfill its duty of fair representation (see, Matter of Board of Educ. v Ambach, supra; see also, Tomlinson v Board of Educ., 223 AD2d 636, lv denied 88 NY2d 808). In the case at bar, there is no allegation by plaintiff that he requested the union to file a grievance on his behalf or that the union failed to fulfill its duty of fair representation. Thus, as to those causes of action alleging breach of contract, termination without cause, breach of due process as guaranteed under the collective bargaining agreement, and wrongful termination, summary judgment should have been granted due to plaintiff’s failure to follow the procedure set forth in the collective bargaining agreement.
The remaining cause of action, that defendants attempted to extort plaintiffs waiver of his contract rights by threatening to withhold credits if plaintiff asserted his rights under the contract is, in essence, a tortious interference with contract. Such actions are governed by a three-year Statute of Limitations (see, CPLR 214 [4]; 72 NY Jur 2d, Interference § 21) and begins to run when the actual damages as a result of the tortious conduct are sustained (see, Kronos, Inc. v AVX Corp., 81 NY2d 90). In the case at bar, the damages were sustained after defendant’s contract was terminated and he left Interfaith’s employ, to wit, on or about July 1, 1992. Inasmuch as the summons was dated October 30, 1997, the cause of action was time barred and summary judgment as to it should also be granted.
Scholnick, P. J., Aronin and Patterson, JJ., concur.