Murphy v Citigroup Global Mkts., Inc. (2020 NY Slip Op 03987)





Murphy v Citigroup Global Mkts., Inc.


2020 NY Slip Op 03987


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Gische, J.P., Kapnick, Webber, Kern, Gonzàlez, JJ.


11825 156466/17

[*1] David James Murphy, Plaintiff-Appellant,
v
Citigroup Global Markets, Inc., et al., Defendants-Respondents.


David James Murphy, appellant pro se.
Proskauer Rose LLP, New York (Joseph Baumgarten of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about April 12, 2019, which granted defendants' CPLR 3211 motion to dismiss the complaint and denied plaintiff's cross motion to compel arbitration, unanimously affirmed, without costs.
The motion court properly dismissed plaintiff's discrimination claims as precluded by res judicata (see Matter of
Hunter, 4 NY3d 260, 269 [2005]; Fajemirokun v Dresdner Kleinwort
Wasserstein Ltd., 27 AD3d 320, 321-322 [1st Dept 2006], lv denied 7 NY3d 705 [2006]). The discrimination claims which plaintiff seeks to assert in the first two causes of action of the instant complaint "aris[e] out of the same transaction or series of transactions" as the claims resolved in the prior arbitration between himself and the corporate defendants herein (O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]; Carol v Madison Plaza Apts. Corp., 137 AD3d 453, 453 [1st Dept 2016]). Plaintiff offers no response to the defense of res judicata, other than that his discrimination claims were not arbitrable. Plaintiff, however, has failed to make any showing in support of the non-arbitrability of those claims at the time they were decided [FN1] (see Sphere Drake Ins. Ltd. v Clarendon Natl. Ins. Co., 263 F3d 26, 31 [2d Cir 2001]; McCaddin v Southeastern Marine Inc., 567 F Supp 2d 373, 379 [ED NY 2008]).
Plaintiff's third cause of action, against defendant Okan Pekin, fails to state a claim, as the conduct he complains of is simply not substantial enough to support a claim for hostile work environment, even under the maximally protective New York City Human Rights Law (see Ji [*2]Sun Jennifer Kim v Goldberg, Weprin, Finkel, Goldstein, LLP, 120 AD3d 18, 26 [1st Dept 2014]).
We have considered plaintiff's remaining arguments, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK



Footnotes

Footnote 1:Effective October 11, 2019, well after the facts of plaintiff's discrimination claims were adjudicated in arbitration, the New York State Discrimination Laws were amended to prospectively prohibit mandatory arbitration clauses, except where inconsistent with federal law (CPLR 7515). There was no such prohibition in effect at the time of plaintiff's arbitration.