Altman v Salem Media of N.Y., LLC (2020 NY Slip Op 06697)





Altman v Salem Media of N.Y., LLC


2020 NY Slip Op 06697


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Friedman, J.P., Renwick, Webber, González, JJ. 


Index No. 150943/19 Appeal No. 12394N Case No. 2020-01980 

[*1]Faith Altman, Plaintiff-Appellant,
v
Salem Media of New York, LLC, et al., Defendants-Respondents.


Tuckner, Sipser, Weinstock & Sipser, LLP, New York (William J. Sipser of counsel), for appellant.
Littler Mendelson, P.C., New York (Stephen A. Fuchs of counsel), for respondents.



Order, Supreme Court, New York County (Robert David Kalish, J.), entered September 9, 2019, which granted defendants' motion to compel arbitration and stayed the proceedings, unanimously affirmed, without costs.
Because plaintiff's employment agreement predated the enactment of CPLR 7515, which provides that the statute applies only to contracts entered into "on or after the effective date of this section," the statute's prohibition of agreements compelling arbitration of discrimination claims is inapplicable to this case (CPLR 7515[b][1]; Murphy v Citigroup Global Mkts., Inc., 185 AD3d 486, 487 n [1st Dept 2020]; see also Life Receivables Trust v Goshawk Syndicate 102 at Lloyd's, 66 AD3d 495, 496 [1st Dept 2009], affd 14 NY3d 850 [2010], cert denied 562 US 962 [2010]). Accordingly, the court properly granted defendants' motion to compel arbitration of plaintiff's claims pursuant to the employment agreement.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020