Niche Music Group, LLC v Orchard Enters., Inc. (2020 NY Slip Op 07139)





Niche Music Group, LLC v Orchard Enters., Inc.


2020 NY Slip Op 07139


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Gische, J.P., Webber, Oing, Mendez, JJ. 


Index No. 650100/18 Appeal No. 12506 Case No. 2019-5556 

[*1]Niche Music Group, LLC, Plaintiff-Appellant,
v
The Orchard Enterprises, Inc. et al., Defendants-Respondents.


Fairchild Law, LLC, Brooklyn (Steven R. Fairchild of counsel), for appellant.
Jonathan D. Davis, P.C., New York (Johnathan D. Davis of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered June 20, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint as against Orchard Enterprises Inc., unanimously affirmed, without costs, and the matter is remanded for a determination of defendants' reasonable attorneys' fees and costs.
The contractual claims are governed by California law. Contrary to plaintiff's contention, the 2004 contract in which defendant Orchard agreed to promote and distribute plaintiff's digital music catalogue does not bar Orchard from providing the same services to a [*2]former client of plaintiff. If the parties intended to include a non-compete provision, they should have said so plainly in the agreement (see Chisom v Board of Retirement of Fresno County Empls.' Retirement Assn., 218 CalApp4th 400, 415 [Cal App 2013]). "[A]n implied term may not be found where it would contradict the express terms of the contract" (id.). A further reason not to imply such a term is California's strong public policy against non-compete covenants (see Ann. Cal. Bus. & Prof. Code § 16600; Advanced Bionics Corp. v Medtronic, Inc., 29 Cal4th 697, 706 [2002]). Plaintiff's reliance on Sonoma Tires, Inc. v Big O Tires, LLC, (2013 WL 12173748, *8, 2013 US Dist LEXIS 204314, *27 [ND Cal 2013]), is misplaced, as in that case the agreement contained an "exclusive dealing clause" that was found valid and enforceable because it would not substantially foreclose competition in the industry.
The cause of action for breach of the implied covenant of good faith and fair dealing was correctly dismissed because plaintiff cannot identify a specific contractual provision from which the covenant arises (see Citizens of Humanity, LLC v LAB sarl, 2013 WL 12129393, *10, 2013 U.S. Dist LEXIS 201413, * 25 [CD Cal 2013]).
The cause of action for tortious interference with contract, which is not governed by California law because it does not arise under the parties' contract, was correctly dismissed because there is no evidence that Orchard intentionally procured the breach of any contract between plaintiff and nonparty Barbershop Harmony Society (BHS) (see White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]). The record shows that after terminating its contract with plaintiff, plaintiff's former client sought out Orchard and solicited its services. The claim is also barred by the applicable three-year statute of limitations (CPLR 214[4]; American Fed. Group Ltd. v Edelman, 282 AD2d 279 [1st Dept 2001]). The claim accrued no later (and probably earlier) than January 2, 2105, the date plaintiff notified defendant that BHS had terminated its contract with plaintiff. This action was commenced no earlier than January 8, 2018.
As the prevailing party, Orchard is entitled under the contract to an award of reasonable attorneys' fees and costs, which, under California law, includes those incurred on appeal (Villinger/Nicholls Dev. Co. v Meleyco, 31 CalApp4th 321, 328 [Cal App 1995]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020