Diner v Diner (2024 NY Slip Op 51386(U))

[*1]

Diner v Diner

2024 NY Slip Op 51386(U)

Decided on October 8, 2024

Supreme Court, Richmond County

DiDomenico, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 8, 2024
Supreme Court, Richmond County

Avraham Diner, H&D Automotive Corp., Richmond Auto Center, Inc., 
 Victory Service Station, Inc., and Bay Street Auto Center, Inc., Plaintiffs

against
Dan J. Diner, Island Car Care Corp., and 830 Bay Street Holding, LLC, Defendants.

Index No. 151606/2023

Plaintiff is represented by: 
Jeremy Panzella Esq. 
Menicucci Villa Panzella & Calcagno, PLLC 
2040 Victory Boulevard, 3rd Floor
Staten Island, NY 10314 
Defendant is represented by 
Ariel Slade Bresky Esq. 
Rosenberg & Estis, P.C. 
733 Third Avenue, New York, NY 10017

Catherine M. DiDomenico, J.

Recitation as required by CPLR 2219(a) of the papers considered in the review of Motion Sequence Number 001.
Numbered
Notice of Motion by Defendant (001), 1
Affidavit and Affirmation in Opposition by Plaintiff, 2
Memorandum of Law in Reply by Defendant 3
Supplemental Memorandum of Law by Plaintiff 4
Supplemental Memorandum of Law by Defendant 5
Transcript of Proceedings dated 5/17/24 6
Upon the foregoing cited papers, the Decision and Order is as follows:
 Procedural History/Relevant Facts
Plaintiff Avraham Diner and Defendant Dan Diner are father and son and were previously business partners. The Corporate Plaintiffs are motor vehicle repair shops and holding companies that are owned by Plaintiff Diner and were co-managed by Defendant Diner. The Corporate Defendants are a repair shop and holding company owned by Defendant Diner. Plaintiffs jointly commenced the present action by filing a Summons and Complaint on August 30, 2023. Therein, they assert causes of action for fraud, conversion of corporate assets, unjust enrichment, and for tortious interference with a contract. In addition, Plaintiffs seek a declaratory judgment as to the ownership of, and the imposition of a constructive trust over a parcel of real property identified as "830 Bay Street" in Staten Island, New York. 830 Bay Street is presently owned by Defendant 830 Bay Street Holding, LLC.
Plaintiff Diner alleges that although he was the sole owner of the repair shops, he heavily relied upon his son, as "his most trusted employee" to handle the day-to-day management of his companies including being primarily responsible for taxes and banking transactions. He further alleges that this reliance was necessitated, among other things, by a language barrier as English is his second language. As such, Plaintiff allegedly relied upon his son to read and translate written business documents and interact with governmental agencies. In addition to their familial relationship, Plaintiff claims that he and his son maintained a special professional relationship of trust and reliance for at least 20 years before the events that gave rise to the present lawsuit. Plaintiff claims that he allowed Defendant to handle almost all of his business dealings due to the level of trust that he had in him as both a son and a business partner.
Plaintiff Bay Street Auto Center Inc., ("BSAC") alleges that in or around 2011 it entered into a long-term lease with non-party landlord 830 Bay Street LLC. BSAC's tenancy was scheduled to end in 2032. However, it is alleged that in or around 2013, Defendant Diner formed a new company, Island Car Care Corporation ("ICCC"), and fraudulently assigned BSAC's lease to ICCC. To do so, Defendant Diner allegedly used his longstanding history of speaking on his father's behalf as an agent to trick the landlord into approving the assignment. Based upon Defendant Diner's alleged misrepresentations, the landlord amended the lease, assigning it from BSAC to ICCC. Plaintiff argues that this transfer was not only fraudulent, but legally ineffective, as it was improperly executed. Neither the original lease, nor the assignment has been provided to the Court.
In any event, the assigned tenancy only lasted until March 2017 when it is alleged that Defendant Diner fraudulently purchased the property located at 830 Bay Street. In or around March 2017, the properties and assets held by H&D Automotive Corp., Richmond Auto Center Inc., and Victory Service Station Inc. were sold at the direction of Plaintiff Diner for the sum of $2,100,000. The sale proceeds were deposited into bank accounts belonging to those corporate entities. Plaintiff alleges that it was his plan to use the sale proceeds to purchase the property located at 830 Bay Street for the benefit for BSAC, and that he had discussed his intention with Defendant Diner. However, it is alleged that Defendant Diner, with the intention of defrauding Plaintiffs, devised a scheme to purchase 830 Bay Street for the benefit of ICCC, the entity that was secretly running a repair shop out of the property. In furtherance of his plan, it is alleged that Defendant Diner formed a new holding company, Defendant 830 Bay Street Holding, LLC., and without Plaintiff's knowledge or consent, surreptitiously withdrew the $2,100,000 from the Corporate Plaintiffs and used those funds, or a portion thereof, to purchase the property at 830 Bay Street. It is undisputed that Plaintiff Diner was present at the real estate closing, and therefore Defendants argue that the purchase was "obviously" with Plaintiff's knowledge and [*2]consent. However, Plaintiff argues that while he was aware that the property was being purchased, he believed that it was for the benefit of BSAC, as he had previously discussed with his son, and was wholly unaware of ICCC's existence, or his son's allegedly nefarious plans.
Having successfully purchased 830 Bay Street, allegedly with money that did not belong to him, Defendant Diner continued operating ICCC out of the same location that was previously occupied by BSAC, but now as his own landlord. Plaintiff claims that this switch in identity was not immediately obvious because the work being done at the service station was fundamentally the same. Plaintiff Diner claims that he only became aware of his son's alleged fraud in March 2023 when he observed a new public facing sign at the Bay Street service station that read "Island Car Care." Upon discovery, Plaintiff undertook a full investigation of his business dealings and allegedly discovered, for the first time, that his son had stolen the sale proceeds from his businesses and used them for his own purposes. After discovering the fraud allegedly committed by his son, Plaintiffs commenced the present action in August 2023.

Present Motion
By Notice of Motion dated October 2, 2023 (Seq. No. 001) Defendants move pursuant to CPLR §3211(a)(3) for an Order dismissing the causes of action alleged in the Complaint as they relate to Plaintiffs Avraham Diner and Bay Street Auto Center, Inc. on the ground that those entities lack standing and/or capacity to bring this action. Defendants further move pursuant to CPLR §§3211(a)(1), (a)(7), 3013 and 3016(b) seeking an Order dismissing Plaintiffs' Complaint in its entirety for the failure to state and/or sufficiently plead viable causes of action. Lastly, Defendants move pursuant to CPLR §3211(a)(5) to dismiss Plaintiffs' First, Second, Third and Fourth causes of action on the grounds that those claims are barred by the applicable Statute of Limitations.

Decision
Standing & Capacity
When considering a motion to dismiss pursuant to CPLR §3211(a)(3), based upon an alleged lack of standing, it is the burden of the moving defendants to establish, prima facie, that the plaintiffs lack standing as a matter of law. See Mariners Atl. Portfolio, LLC v. Hector, 69 N.Y.S.3d 502 (2d Dept. 2018); see also U.S. Bank N.A. v. Guy, 125 AD3d 845 (2d Dept. 2015). To defeat a §3211(a)(3) motion, a plaintiff is not required to establish its standing as a matter of law, rather, a plaintiff is merely required to raise a material question of fact as to whether it "could" have standing. See Wilmington Sav. Fund Socy., FSB v. Matamoro, 200 AD3d 79 (2d Dept. 2021); see also Deutsche Bank Tr. Co. Americas v. Vitellas, 13 N.Y.S.3d 163 (2d Dept. 2015).
Here, Defendants argue that Plaintiff Avraham Diner lacks standing to bring the causes of action asserted in his Complaint as the damages he allegedly suffered were "derivative" to the claims of the Corporate Plaintiffs. In other words, Defendants argue that Plaintiff Diner has failed to establish how he was harmed as an individual, as distinguished from any financial harm suffered derivatively in his role as owner of the corporations at issue. In opposition, Plaintiff Diner argues that he has standing because he is the sole owner and distributee of any income derived by the Corporate Plaintiffs, and as such, he was directly damaged by the fraudulent and tortious acts of his son. In essence, Plaintiff Diner argues that as a sole shareholder, he and his businesses are technically the same, and any injury suffered by one was also suffered by the other.
It is well settled that a shareholder of a corporation lacks standing to pursue a direct [*3]claim to redress wrongs suffered by that corporation. See Bradbury v. Israel, 204 AD3d 563 (1st Dept. 2022). This is true regardless of the level of the shareholder's interest in the corporation: "The fact that an individual closely affiliated with a corporation (for example, a principal shareholder, or even a sole shareholder) is incidentally injured by an injury to the corporation does not confer on the injured individual standing to sue." New Castle Siding Co. v. Wolfson, 97 AD2d 501 (2d Dept. 1983), affd., 63 NY2d 782 (1984); see also Matlin Patterson ATA Holdings LLC v. Federal Express Corp., 87 AD3d 836 (1st Dept. 2011).
Here, several of the causes of action asserted by Plaintiff Diner directly relate to his ownership of the Corporate Plaintiffs and not to any wrong committed against him personally. The mere fact that he is the sole owner of the corporations is of no import. Thus, to the extent that they are asserted in his capacity as an individual, Plaintiff Diner's First, Second, Third and Fourth causes of action are hereby dismissed. See Patterson v. Calogero, 150 AD3d 1131 (2d Dept. 2017). However, Plaintiff Diner correctly argues that his cause of action in equity for a constructive trust to obtain ownership of the property located at 830 Bay Street, and his application for a declaratory judgment survive dismissal. These causes of action are asserted in his capacity as an individual claiming an equitable ownership interest in 830 Bay Street and are not derivative to the claims of the Corporate Plaintiffs.
In addition to their argument regarding Plaintiff Diner's "standing," Defendants further argue that Plaintiff BSAC lacks "capacity" to sue as a dissolved corporation. Thus, Defendants move to dismiss the claims asserted by Plaintiff BSAC pursuant to CPLR §3211(a)(3), which covers both standing and capacity. Standing and capacity are related, but distinguishable, legal concepts. Capacity requires an inquiry into a litigant's status, i.e., the litigant's ability to appear in court to address its grievances, while standing addresses whether the litigant has a viable interest in the claim at issue. See Wells Fargo Bank Minn v. Mastropaolo, 42 AD3d 239 (2d Dept. 2007).
BSAC's capacity is at issue because on or about June 29, 2016, it was dissolved as a corporate entity by proclamation of the Secretary of State for its failure to pay taxes. See e.g. 80-02 Leasehold, LLC v. CM Realty Holdings Corp., 123 AD3d 872 (2d Dept. 2014). Generally, "a dissolved corporation does not enjoy the right to bring suit in the courts of this state." Weiss v. Markel, 110 AD3d 869 (2d Dept. 2013). However, the Business Corporation Law provides a limited exception to the general capacity rule by allowing a dissolved corporation that is "winding down its affairs" to sue for claims that "existed" before its dissolution. See NY Bus. Corp. Law §1006(4); see also Cava Const. Co. v. Gealtec Remodeling Corp., 871 N.Y.S.2d 654 (2d Dept. 2009). While the BCL does not set a time limit for the prosecution of such claims, they must be commenced within in a "reasonable time" after dissolution. See Lance Intl., Inc. v. First Natl. City Bank, 86 AD3d 479 (1st Dept. 2011).
Here, Defendants argue that as BSAC is presently dissolved, it lacks capacity to assert claims in this proceeding. Defendants further argue that the claims BSAC is attempting to assert accrued after dissolution and thus have become non-actionable. Defendants also raise the alternative argument that if the claims existed before dissolution, they have not been commenced within a reasonable time. In opposition, BSAC argues that all its causes of action are interwoven in a pattern of fraud that began in 2013 before its dissolution and continued until 2023 when they were discovered. Moreover, BSAC argues that it would not have been dissolved but for the fraudulent actions of Defendant Diner, who was the employee responsible for the payment of its corporate taxes. Plaintiff Diner claims that he was unaware that BSAC was dissolved until the [*4]commencement of this action because he trusted that his son was properly managing the company's affairs.
At this pre-discovery juncture it appears that at least some of the causes of action asserted by BSAC, such as its "tortious interference" claim regarding the assignment of its lease, existed in 2013 before dissolution. Moreover, BSAC's fraud and unjust enrichment claims are not limited to a particular date, and instead span a period of time between 2013 and 2023. The Court of Appeals has held that BCL §1006 should not be strictly interpreted to preclude all claims that were not ripe at the time of dissolution and rather should be applied after consideration of the unique circumstances of a particular case. See Tedesco v. A.P. Green Industries, Inc., 8 NY3d 243 (2007). Plaintiffs have established that at least some of BSAC's claims predate dissolution and are related to the winding down of its corporate affairs, it has legal capacity to appear in this action. See Greater Bright Line Home Care Servs., Inc. v. Jeffries-El, 151 AD3d 818 (2d Dept. 2017); see also TADCO Constr. Corp. v. Dormitory Authy. Of the State of NY, 202 AD3d 559 (1st Dept. 2022). Moreover, given the unique circumstances of this case, and allegations of deception, this Court finds that commencement occurred within a reasonable time after dissolution. See MMI Trading, Inc. v. Nathan H. Kelman, Inc., 120 AD3d 478 (2014). While certain causes of action may have accrued after dissolution, it is not part of this Court's analysis to consider whether a particular cause of action will survive summary judgment when determining a pre-discovery motion to dismiss. See Tirpack v. 125 N. 10, LLC, 130 AD3d 917 (2d Dept. 2015). There are questions of fact that need to be addressed during discovery to determine what causes of action "existed" when.
Failure to State a Cause of Action / Documentary Evidence
In addition to its arguments regarding standing and capacity, Defendants further argue that Plaintiffs' Complaint must be dismissed as a matter of law because it is "devoid of any factual allegations sufficient to support a legally cognizable claim" and that the facts alleged are "patently devoid of merit." As such, Defendants argue that the Complaint fails to state a viable cause of action pursuant to CPLR §3211(a)(7). In addition, Defendants argue that the factual allegations of fraud that surround and permeate all of Plaintiffs' causes of action have not been plead with the necessary factual particularity required by CPLR §3016(b). Finally, Defendants argue that the Complaint must be dismissed pursuant to CPLR §3211(a)(1) because the facts asserted are "utterly refuted by documentary evidence."
When considering a motion to dismiss pursuant to CPLR §3211(a)(7), the Court must accept the facts alleged in a complaint as true and afford the plaintiff every possible favorable inference. See Rushaid v. Pictet & Cie, 28 NY3d 316 (2016); see also Leon v Martinez, 84 NY2d 83 (1994). A pleading successfully states a cause of action when the facts alleged fit within any cognizable legal theory. See Oluwo v. Sutton, 206 AD3d 750 (2022). While a §3211(a)(7) motion is directed at the sufficiency of a pleading, the Court may elect to consider affidavits offered by the moving party and may also consider evidentiary material. See Basis Yield Alpha Fund (Master) v. Goldman Sachs Group Inc., 115 AD3d 128 (1st Dept. 2014). However, "affidavits submitted by the defendant will seldom, if ever, warrant [dismissal] unless the affidavits establish conclusively that plaintiff has no cause of action." Rovello v. Onofino Realty Co., 40 NY2d 633 (1976). If evidentiary material is considered in conjunction with a §3211(a)(7) a motion to dismiss, and the motion has not been converted to one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, and not whether he or she has simply stated one. See Jannetti v. Whelan, 949 N.Y.S.2d 129 (2d Dept. 2012). [*5]Similarly, to succeed on a motion to dismiss pursuant to CPLR §3211(a)(1), the documentary evidence that forms the basis of the defense raised must be such that it resolves all factual issues as a matter of law, and thus conclusively disposes of the plaintiff's claim. See Dubon v. Drexel, 2021 NY Slip Op 04119 (2d Dept. 2021).
At the onset, it is worth noting that while Defendants move pursuant to CPLR §3211(a)(1), the only documentary evidence offered in support of their motion is a Department of State printout indicating that BSAC is dissolved (which relates to capacity) and a Deed which establishes that 830 Bay Street was purchased by Defendant 830 Bay Street Holding, LLC., an undisputed fact upon which Plaintiffs rely. Accordingly, Defendants offer no documentary evidence sufficient to conclusively disprove any of Plaintiffs' factual assertions. See Ideal Steel Supply Corp. v. Biel, 55 AD3d 544 (2d Dept. 2008); see also Trade Source, Inc. v. Westchester Wood Works, Inc., 290 AD2d 437 (2d Dept. 2002).
While affidavits offered by moving defendants may sometimes be considered in the context of a motion to dismiss, they do not constitute documentary evidence and are of very limited use. See Berger v. Temple Beth-El of Great Neck, 303 AD2d 346 (2d Dept. 2003). Here, Defendants rely upon an affidavit from Defendant Diner that suggests an alternative factual narrative and seeks to refute the veracity of Plaintiffs' factual assertions. However, issues of disputed fact and credibility are not properly addressed in the context of a motion to dismiss. See Matter of Stibrany v. Lamprea, 229 AD3d 557 (2d Dept. 2024). Accordingly, Defendant's affidavit is insufficient to challenge any of Plaintiffs' causes of action. See Lawrence v. Miller, 11 NY3d 588 (2008); see also Kempf v. Magida, 37 AD3d 763 (2d Dept. 2007).
Fraud
While Plaintiffs' Complaint delineates several distinct causes of action, they are all related to an overarching allegation of fraud. In sum and substance, Plaintiff Diner claims that his son and trusted business partner, Defendant Diner, devised and effectuated an elaborate scheme to defraud him out of his business interest in 830 Bay Street and $2.1 million dollars in secretly converted funds. In support of their motion to dismiss, Defendants claim that the factual allegations made by Plaintiffs amount to nothing more than a "hodgepodge of nebulous assertions" and unsupported conclusions. Defendants further claim that the factual assertions in Plaintiffs' Complaint are not plead with the necessary particularity for a fraud based cause of action. See CPLR §3016(b); see also High Tides, LLC v. DeMichele, 88 AD3d 954 (2d Dept. 2011).
The elements of a cause of action alleging fraud are (1) a material misrepresentation of an existing fact; (2) made with knowledge of the falsity; (3) an intent to induce reliance thereon; (4) justifiable reliance upon the misrepresentation; and (5) damages. See GFRE, Inc. v. U.S. Bank, N.A., 130 AD3d 569 (2d Dept. 2015); see also City of Long Beach v. Agostisi, 221 AD3d 776 (2d Dept. 2023). Here, Plaintiffs' Complaint alleges, with sufficient detail and particularity, a course of misrepresentation, intentional omission, deceit, and fraudulent conduct allegedly perpetrated by Defendant Diner over the course of ten years from 2013 to 2023. During that time, Defendant Diner allegedly utilized the special relationship of trust and reliance that he had with his father to divert corporate assets, steal business opportunities, and unjustly enrich himself at his father's expense while simultaneously claiming to be acting in his father's best interests. As a result of his actions, Plaintiffs allege that they suffered monetary damages in excess of $2.1 million dollars, together with the loss of Plaintiff Diner's livelihood as the owner of the repair shops at issue. Even though much of the alleged fraud appears to have occurred in [*6]Plaintiff Diner's presence, he claims that he was unaware of his son's actions because he justifiably relied upon him to manage his business affairs. Considering the factual allegations asserted in Plaintiffs' Complaint to be true, and affording them every favorable inference, this Court finds that they are sufficient to satisfy the elements of a cause of action for fraud. See Phoenix Light SF Ltd. v. Credit Suisse AG, 144 AD3d 537 (1st Dept. 2016). Moreover, the Court finds that the allegations have been plead with sufficient particularity to satisfy CPLR §3016(b). See McDonnell v. Bradley, 109 AD3d 592 (2d Dept. 2013). Accordingly, Defendant's motion to dismiss the fraud cause of action is hereby denied.
Plaintiffs' Remaining Causes of Action
In addition to the fraud cause of action discussed above, Plaintiffs assert several additional causes of action that arise from the same fact pattern. These underlying causes of action constitute the individual wrongs allegedly committed by Defendant Diner in furtherance of his fraudulent scheme. For example, when Defendant Diner allegedly withdrew $2.1 Million Dollars from the Corporate Plaintiffs' bank accounts for his own use, he satisfied the elements of a cause of action for conversion, and for the diversion of corporate assets. See Fiorenti v. Cent. Emergency Physicians, PLLC., 762 N.Y.S.2d 402 (2d Dept. 2003). Likewise, when Defendant Diner allegedly used his longstanding status as an agent for Plaintiffs to mislead BSAC's landlord into assigning its lease to Defendant ICCC, he satisfied the elements of a cause of action for the diversion of corporate opportunity and for the tortious interference with a contract. See Yu Han Young v. Chiu, 853 N.Y.S.2d 575 (2d Dept. 2008); see also Ferrandino & Son, Inc. v. Wheaton Builders, Inc., LLC, 920 N.Y.S.2d 123 (2d Dept. 2011).
In addition to these causes of action at law, Plaintiffs also assert two equitable causes of action. First, Plaintiffs allege that Defendants were unjustly enriched by the fraudulent conduct of Defendant Diner. To properly plead a claim for unjust enrichment a plaintiff must allege facts sufficient to establish that (1) a defendant was enriched; (2) at that plaintiff's expense; and (3) that it is against equity and good conscience to allow the defendant to retain what is sought to be recovered. See Nasca v. Greene, 187 N.Y.S.3d 773 (2d Dept. 2023). The facts alleged by Plaintiffs clearly establish this cause of action. While Defendants argue that the claim must be dismissed as duplicative, under the circumstances of this case it may be plead in the alternative. See e.g. TOT Payments, LLC v. First Data Corp., 128 AD3d 468 (1st Dept. 2015); see also F&R Goldfish Corp. v. Furleiter, 210 AD3d 643 (2d Dept. 2022). At this juncture, the Court "cannot determine whether or not plaintiffs have an adequate remedy at law," so the unjust enrichment claim may proceed despite similar causes of action having been plead. See Newstone Aecc. LLC v. Newstone Aecc United States Inc., 2024 NYLJ LEXIS 1235 (Sup. Ct. NY Cty. 2024).
Plaintiffs also assert a cause of action for the imposition of a constructive trust, together with a declaratory judgment regarding the ownership of the real property located at 830 Bay Street. A cause of action for a constructive trust generally requires a plaintiff to allege (1) a confidential or fiduciary relationship; (2) a promise made; (3) a transfer in reliance of that promise, and (4) resulting unjust enrichment. See Sanxhaku v. Margetis, 56 N.Y.S.3d 238 (2d Dept. 2017). However, as an equitable remedy, these elements only serve as "guidelines" and a constructive trust can be imposed by a court even when all four elements are not established. See Tyree v. Henn, 971 N.Y.S.2d 319 (2d Dept. 2013). "All that is generally required for imposition of this remedy is that a party hold property under such circumstances that in equity and good conscience he or she ought not to retain." Matter of Newman, 214 N.Y.S.3d 354 (1st Dept. [*7]2024). Here, Plaintiffs have alleged sufficient facts to put the equitable ownership of 830 Bay Street at issue, as such, the motion to dismiss the constructive trust claim is denied. See Hernandez v. Florian, 104 N.Y.S.3d 683 (2d Dept. 2019).
Plaintiffs' final cause of action is for a declaratory judgment. When considering a motion to dismiss a request for a declaratory judgment, the court must consider only whether a cause of action for declaratory relief is set forth, not whether the plaintiff is entitled to a favorable declaration. See Neuman v. City of New York, 130 N.Y.S.3d 504 (2d Dept. 2020). Generally, where a separate cause of action is sufficient to invoke the court's power to determine the rights and legal relations of the parties, a motion to dismiss a declaratory judgment cause of action should be denied. See Tilcon New York, Inc. v. Town of Poughkeepsie, 930 N.Y.S.2d 34 (2d Dept. 2011). Here, Plaintiffs seek both a constructive trust and a declaratory judgment to determine who owns 830 Bay Street in equity. Considering their adequately plead constructive trust cause of action, Plaintiffs have also adequately alleged a cause of action for declaratory relief. See 22-50 Jackson Ave. Assocs., L.P. v. Cnty. of Suffolk, 190 N.Y.S.3d 101 (2d Dept. 2023).
Statute of Limitations.
Finally, Defendants move to dismiss Plaintiffs First, Second, Third and Fourth causes of action on the ground that each have been commenced in violation of their respective statute of limitations. To succeed on a motion to dismiss pursuant to CPLR §3211(a)(5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. See Vissichelli v. Glen-Haven Residential Health Care Facility Inc., 136 AD3d 1021 (2d Dept. 2016). The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable. See Shah v. Exxis, Inc., 138 AD3d 970 (2d Dept. 2016); see also U.S. Bank N.A. v. Jospeh, 159 AD3d 968 (2d Dept. 2018). As relevant to the statute of limitations issue, the present action was commenced with the filing of a Summons and Complaint on August 30, 2023.
The statute of limitations for fraud is six years from the commission of the fraud, or two years from the time the plaintiff discovered, or could with reasonable diligence have discovered, the fraud, whichever is later. See Loeuis v. Grushin, 126 AD3d 761 (2d Dept. 2015). Thus, a cause of action based on fraud accrues, for statute of limitations purposes, at the time the plaintiff possesses knowledge of facts from which the fraud could have been discovered with reasonable diligence. See Seidenfeld v. Zaltz, 80 N.Y.S.3d 311 (2d Dept. 2018). Although this is ordinarily a mixed question of law and fact, summary dismissal is appropriate if it conclusively appears that the plaintiff had knowledge of facts which should have caused him or her to discover the fraud. See Cannariato v. Cannariato, 24 N.Y.S.3d 214 (2d Dept. 2016). Generally, actual knowledge is required, and mere suspicion of wrongdoing will not suffice. See Lipszyc v. Lipszyc, 200 N.Y.S.3d 93 (2d Dept. 2023). Where it does not conclusively appear that a plaintiff had knowledge of facts from which the fraud could reasonably be inferred, a complaint should not be dismissed. See Sargiss v. Magarelli, 12 NY3d 527 (2009).
Here, Defendants argue that this action was commenced more than ten years from the commission of the alleged fraud, which they identify as the alleged assignment of BSAC's lease in 2013. Defendants contend that as this assignment occurred on or before November 1, 2013, it is barred by the six-year statute of limitations. In the alternative, Defendants argue that if they were to assume that Plaintiffs were as "unaware" as they claim to be, the fraud cause of action could only survive if the lease assignment could not have been discovered with reasonable [*8]diligence before September 2021. Defendants claim that there were many readily observable ways that Plaintiff Diner could have discovered that BSAC was inactive and that ICCC had taken over in its stead. Defendants allege that it was only through neglect that Plaintiff did not observe what was readily observable.
At this pre-discovery juncture it is unclear when the cause of action for fraud accrued. While the 2013 assignment of BSAC's lease is arguably the first time that it could have accrued, the allegations of fraud in this case are so pervasive and ongoing that it is unclear if there were multiple accrual dates, or if the statute of limitations was tolled pursuant to the continuous wrong doctrine. See Sabourin v. Chodos, 194 AD3d 660 (1st Dept. 2021). Moreover, given the special relationship between Plaintiff Diner and Defendant Diner as father and son, and the extent that Plaintiff Diner allegedly relied upon his son to manage his business affairs, this Court cannot conclusively state when Plaintiff "should have known" that a fraud had occurred. The transactions involved in this case are not arm's length transactions between businessmen who are typically guarded against deception. Rather, they are transactions been a father who allegedly relied upon his son to manage his affairs and a son who allegedly concealed his wrongdoing. Thus, to the extent that Defendants have identified events that would have given a typical businessman concern, those events are not conclusive under the circumstances. Therefore, even assuming Defendants met their initial burden, Plaintiffs have raised an issue of fact as to when they should have known that they were being defrauded. See Gorelick v. Vorhand, 920 AD3d 893 (2d Dept. 2011); see also Del Vecchio v. Nassau County, 118 AD2d 615 (2d Dept. 1986). Plaintiffs allege that they first discovered the fraud when Plaintiff Diner observed a public facing sign in March 2023, which would make this action timely.
Defendants next move to dismiss Plaintiffs' causes of action for "conversion" and "diversion" of the funds allegedly misappropriated from the Corporate Plaintiffs' bank accounts to fund Defendant Diner's purchase of 830 Bay Street. A cause of action for conversion is three years that runs from the date the conversion allegedly occurred. See Matter of Chustckie, 165 N.Y.S.3d 93 (2d Dept. 2022). A cause of action for the diversion of corporate assets must be brought within six years of when the diversion occurred. See Toscano v. Toscano, 728 N.Y.S.2d 189 (2d Dept. 2001). Here, the Complaint alleges that Defendants converted the sale proceeds belonging to Plaintiffs to purchase 830 Bay Street in or around December 2020. Since the Complaint was filed in August of 2023, the conversion and diversion causes of action are not barred by the statute of limitations.
The statute of limitations for unjust enrichment is three years from the occurrence of the wrongful act giving rise to the duty of restitution. See Ingrami v. Rovner, 847 N.Y.S.2d 132 (2d Dept. 2007). Here, Plaintiffs argue that they have plead unjust enrichment the alternative to their other claims, including their timely cause of action for conversion. Since the alleged conversion took place in December 2020, and the unjust enrichment claim relies upon the same facts, it is also not barred by the statute of limitations.
Finally, Defendants move to dismiss the tortious interference with a contract claim, which has a statute of limitations of three years. See Runcie v. Interfaith Med. Ctr., 732 N.Y.S.2d 827 (2d Dept. 2001). Of all the claims asserted by Plaintiff, this is the only claim that has a clear accrual date that is beyond the allotted statute of limitations period. Plaintiffs allege that Plaintiff BSAC's lease was wrongfully assigned by Defendant Diner in 2013. A cause of action for tortious interference with contract accrues when an injury is sustained, not when it is discovered. See Am. Fed. Group, Ltd. V. Edelman, 282 AD2d 279 (1st Dept. 2001). In [*9]opposition, Plaintiffs request that this Court "equitably toll" the statute of limitations because of Defendant Diner's allegedly unlawful conduct. However, they offer no authority for that proposition, and the court is aware of none. Accordingly, Plaintiffs' cause of action for tortious interference with a contract is hereby dismissed, although the same relied upon facts are arguably applicable to Plaintiffs' other causes of action that have been timely asserted.
Accordingly, for the reasons set forth above, Defendants' Pre-Answer Motion to Dismiss is granted in part and denied in part. Defendants are hereby ordered to serve and e-file an Answer to the remaining causes of action within 30 days of the date of this Decision. This constitutes the Decision and Order of this Court regarding Motion Sequence Number 001. Any issue raised in this motion that is not specifically addressed herein is hereby denied. The matter will next appear on this Court's calendar on November 20, 2024, at 11:30 A.M. for a Preliminary Conference which shall be held by conference call to chambers.
Dated: October 8, 2024
Hon. Catherine M. DiDomenico
Acting Justice Supreme Court