Wong v Actalent Global Headquarters (2025 NY Slip Op 50952(U))

[*1]

Wong v Actalent Global Headquarters

2025 NY Slip Op 50952(U)

Decided on June 12, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 12, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570228/25

Jack Wong, Plaintiff-Appellant,
against
Actalent Global Headquarters formerly known as Aerotek, Inc., Defendant-Respondent.

Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Anna R. Lewis, J.), dated January 24, 2025, which granted defendant's motion to dismiss the complaint, pursuant to CPLR 3211 (a)(5) and (7).

Per Curiam.
Order (Anna R. Lewis, J.), dated January 24, 2025, affirmed, without costs.
Civil Court properly dismissed plaintiff's claims as barred by res judicata (see Murphy v Citigroup Global Mkts., 185 AD3d 486 [2020], lv denied 36 NY3d 903 [2020]). The breach of contract and defamation claims that plaintiff asserts in the instant complaint "aris[e] out of the same transaction or series of transactions" as the claims in plaintiff's prior action against Aerotek, Inc., which was dismissed on summary judgment in a prior unappealed order. "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (see O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]).
In any event, as the motion court also held, the complaint fails to state a cause of action and the defamation claim is untimely under the applicable one-year Statute of Limitations (CPLR 215 [3]; see American Fed. Group v Edelman, 282 AD2d 279 [2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 12, 2025